IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROY SAMUEL HURST                                                                    PETITIONER
ADC #120472

V.                                          5:15-cv-00041-DPM-JTK

WENDY KELLEY, Director,                                                            RESPONDENT
Arkansas Department of Correction[1]

PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if

---

[1] Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this action.

       such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Petitioner Roy Hurst, an inmate at the Arkansas Department of Correction ("ADC"), filed this timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after pleading guilty to theft of property over $2,500 in the Arkansas County Circuit Court. (Doc. No. 1.) For the following reasons, the Court recommends the District Court deny Mr. Hurst's petition.

I.     PROCEDURAL HISTORY

On August 27, 2013, Mr. Hurst pleaded guilty to theft of property over $2,500 in the Arkansas County Circuit Court.[2] (Doc. No. 10-1 at 158.) He entered the plea without an agreed-

---

[2] The Sentencing Order for Mr. Hurst reads that he was guilty of theft of property over $25,000. (Doc. No. 10-1 at 77.) However, at the change of plea hearing, Mr. Hurst clearly stated that he was pleading guilty to theft over $2,500, a B felony. (*Id.* at 113-14.) Based on the statements by the District Attorney during sentencing, Mr. Hurst stole a tractor worth $46,926. (*Id.* at 165.) After Mr. Hurst was charged, but before sentencing, the law changed to require a defendant to steal over $25,000 to be convicted of a B felony, rather than $2,500. (*Id.* at 175.) Since Mr. Hurst would be guilty of a B felony under either version of the statute, this appears to be only a clerical error on the Sentencing Order that does not affect the validity of his sentence. Mr. Hurst does not challenge this aspect of his

upon recommended sentence. (*Id.*).

On November 1, 2013, with a new counsel, Mr. Hurst filed a motion to set aside the guilty plea. (*Id.* at 69). In his motion, he claimed that the State had offered a plea bargain, "but as the sentencing date approached he learned that the deal that originally induced him to plea had [been] withdrawn." (*Id.* at 71.) On November 13, 2013, the court held a hearing on whether to allow Mr. Hurst to withdraw his plea. (*Id.* at 73.) After listening to the testimony and arguments from both attorneys, the court found that Mr. Hurst did not fulfill his end of the bargain in the negotiated plea deal by providing to the State actionable information about Larry Porter.[3] (*Id.* at 147.) Therefore, it denied the motion to withdraw the guilty plea. (*Id.* at 149.) On December 2, 2013, the court entered the order summarily denying Mr. Hurst's motion. (*Id.*).

On December 2, 2013, the court held a sentencing hearing in Mr. Hurst's case. (*Id.* at 163.) After receiving exhibits and hearing arguments from both attorneys, the court took the matter under advisement. On December 23, 2013, the court sentenced Mr. Hurst to serve twelve years in the ADC. (*Id.* at 188.) The court found it particularly convincing that Mr. Hurst had a forty-year criminal history, mainly of theft and burglary-related offenses. (*Id.* at 186-87.) On January 8, 2014, the court filed the Sentencing Order in Mr. Hurst's case. (*Id.* at 77.)

On January 23, 2014, Mr. Hurst filed a Notice of Appeal, appealing his sentence. (*Id.* at 79.) The sole issue Mr. Hurst contested was that the trial court erred in considering his misdemeanor theft conviction from 2013 in sentencing him despite the fact that an appeal from

---

Sentencing Order.

[3]The State believed that Mr. Hurst and Clint Sexton had stolen the tractor at the request of Larry Porter. (Doc. No. 10-1 at 144.) All the information Mr. Hurst gave the detectives was not actionable because it involved events where the statute of limitations had already expired to charge Mr. Porter. (*Id.*).

that conviction was still pending. (Doc. No. 10-2 at 46-47.) On December 17, 2014, the Arkansas Court of Appeals denied Mr. Hurst's appeal. (Doc. No. 10-4 at 2.) It held that a court may consider any conviction after the judgment has been entered, no matter whether the conviction was on appeal. (*Id.*). The court entered its mandate on January 6, 2015. (Doc. No. 10-5 at 1.)

On February 2, 2015, Mr. Hurst filed this petition for a writ of habeas corpus in the United States District Court for the Western District of Arkansas. (Doc. No. 1.) On the same day, that court transferred his petition to this district. (Doc. No. 3.) On March 4, 2015, the Director of the ADC ("Director") filed a response to Mr. Hurst's petition. (Doc. No. 10.) On March 31, 2015, Mr. Hurst filed a reply brief. (Doc. No. 13.)

II.     STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id.* at (b)(1)(A). A petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). Failure to do so will result in his claims being barred "unless [he] can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 132 S.Ct 1309, 1320 (2012). A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 1319. The Eighth Circuit has applied this exception to Rule 37 petitions. *Sasser v. Hobbs*, 735 F.3d 833, 853 (2013). This exception only applies to ineffective assistance of trial counsel claims, and it is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (pet. for cert. filed, No. 14-8782 (Mar. 10, 2015)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (2006).

III. ANALYSIS

In his petition, Mr. Hurst raises four grounds for relief: (1) ineffective assistance of trial counsel and prosecutorial misconduct for misleading Mr. Hurst into believing that he would get little jail time if he pleaded guilty; (2) denial of due process and cruel and unusual punishment

for using a forty-year-old federal conviction to enhance Mr. Hurst's conviction in this case; (3) prosecutorial misconduct for changing Mr. Hurst's charges from theft to selling stolen farm equipment; and (4) a speedy trial violation because the sentence was imposed over three years after the crime was committed. (Doc. No. 1 at 5-9.) The Director responds that all of these claims are procedurally defaulted because Mr. Hurst did not raise them on direct appeal and he did not file a post-conviction motion in state court. (Doc. No. 10 at 3-4.)

All of Mr. Hurst's claims are procedurally defaulted. Mr. Hurst did not present any of his federal claims to state court, and Mr. Hurst does not allege any cause for his procedural default in his petition or his reply brief.

Mr. Hurst filed a letter with the Court, as well as a motion to appoint counsel, alleging that he did not understand the law behind his habeas petition. (Doc. No. 6 at 1; Doc. No. 9 at 1.) Taken together, these could be liberally construed as arguing that Mr. Hurst was unaware that he could file a post-conviction motion in state court. *See Wilwording v. Swenson*, 502 F.2d 844, 847 n.4 (8th Cir. 1974) ("[P]ro se petitions should be liberally construed . . . .") However, a petitioner is "charged with knowing the law relevant to his habeas claims." *Weeks v. Bowersox*, 106 F.3d 248, 249 (8th Cir. 1997). This includes the law relevant to exhausting his claims in state court. *See Johnson v. Kelley*, No. 5:14-cv-00176-DPM-JTR, 2015 WL 1167184, at *4 (E.D. Ark. Feb. 20, 2015) (adopted by the District Court in *Johnson v. Hobbs*, 2015 WL 1167166 (E.D. Ark. Mar. 13, 2015) (holding that a pro se petitioner is charged with knowing that she must bring her claims in state court in order for the court to consider them in a petition for a writ of habeas corpus) (appeal filed, No. 15-1760 (8th Cir. Apr. 14, 2015))). Therefore, Mr. Hurst's lack of knowledge of the state court system is not cause to excuse his procedural

default. Since Mr. Hurst does not present any other cause, his petition should be denied.

IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the District Court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Hurst has made a substantial showing of a denial of a constitutional right. Thus, the District Court should not issue a certificate of appealability.

V.   CONCLUSION

Mr. Hurst does not present a claim to which he is entitled relief, and his petition for a writ of habeas corpus (Doc. No. 1) should be denied with prejudice. The District Court should not issue a certificate of appealability.

IT IS SO ORDERED this 31st day of August, 2015.

_____
United States Magistrate Judge